fails. There must be a reversal of the judgment and a new trial, costs to abide the event.

DYKMAN, J., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.

---

MICHAEL FINES, Respondent, *v.* CHARLES SILLERY and Another, Appellants.

*Establishment of the plaintiff's case by the cross-examination of the defendants' witnesses.*

Upon the trial of an action, when the plaintiff rested his case, it was a close question whether or not the testimony introduced by him was sufficient to sustain a judgment in his favor, but the trial court denied a motion to dismiss the plaintiff's complaint, and, on the cross-examination of the defendants' witnesses, facts were brought out which established the plaintiff's cause of action.

*Held,* that a judgment in favor of the plaintiff should be affirmed.

APPEAL by the defendants, Charles Sillery and another, from a judgment of the City Court of Mount Vernon in favor of the plaintiff, entered in the office of the clerk of the City Court of Mount Vernon on the 30th day of March, 1893, upon the verdict of a jury for $300, and also from an order entered in said clerk's office on the 22d day of March, 1893, denying the defendants' motion to set aside the verdict and for a new trial.

Upon the trial, after the plaintiff rested his case, the defendants moved to dismiss the complaint, which motion was denied.

*Wm. S. Cogswell* and *Louis Matthaner*, for the appellants.

*Wm. J. Marshall*, for the respondent.

PRATT, J.:

Appellants urge that the testimony introduced by plaintiff is insufficient to sustain the judgment. It must be admitted that when the plaintiff rested the case it was a close question. But the trial judge wisely " heard the other side," and the cross-examination brought out facts which established plaintiff's cause of action. It thus appeared that the Italian whose blunder caused the injury, was, on

that day, employed at this work for the first time; that defendants made no inquiries about him; knew nothing of his fitness, having merely notified the "patron" how many laborers were needed; and the foreman, upon whose direction only the stone should have been lowered, testified that he gave no such order. After this evidence, there is no serious question of defendants' liability.

Judgment and order denying new trial affirmed, with costs.

BARNARD, P. J., and DYKMAN, J., concurred.

Judgment and order denying new trial, affirmed, with costs.

---

FRANK P. WARD, Appellant, *v.* CHARLES ISBILL et al., Respondents.

*Precedence of a deed over a mortgage given before and recorded after it — presumption of good faith — subsequent grantee with notice — recital that premises are conveyed subject to mortgages.*

Both a deed and a mortgage are conveyances within the Recording Act, and for a deed to secure precedence and priority over a prior mortgage, subsequently recorded, it must appear that the deed was for a valuable consideration, taken in good faith and without notice of the existence of the mortgage.

A deed which expresses a valuable consideration and acknowledges the payment thereof by the grantee therein named is *prima facie* evidence that the grantee was a purchaser in good faith within the Recording Act; no proof of actual payment is necessary and the presumption of good faith is sufficient for the security and protection of such grantee, and those claiming through him, until it is overcome by proof.

Where a purchaser of property is protected by the Recording Act against a mortgage given before and recorded subsequently to his deed, his grantees are entitled to such protection notwithstanding the fact that they purchased from him with notice of the mortgage.

A recital in a deed that the premises conveyed thereby were subject to mortgages and taxes is not sufficient to give notice to the grantee therein named of the existence of an unrecorded mortgage, where other mortgages against the property were found by him.

APPEAL by the plaintiff, Frank P. Ward, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 27th day of June, 1893, upon a decision of the court, rendered after a trial at the Kings County Special Term, adjudging the defendants' interest in certain